GENERAL WATER HEATER CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 18035. Promulgated November 6, 1928.

*Ralph W. Smith, Esq.*, for the petitioner.
*C. H. Curl, Esq.*, for the respondent.

OPINION.

MARQUETTE: Section 234 (a) of the Revenue Act of 1921 reads in part as follows:

SEC. 234. (a) That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions:

(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered, * * *

The services rendered to the petitioner and to its predecessor by the two Hinckleys and by Smith were for the most part no more than would be rendered by anyone who was a large stockholder and a director in a business enterprise. That such services were beneficial to the petitioner is very likely. They doubtless contributed materially to the success of the enterprise. But they did not take up all the time and attention of these three men, nor interfere with their earning capacity in their regular vocations. R. L. Hinckley profited, as any other merchant would profit, by the sales of heaters which he accomplished; Smith brought business to his bank by giving the Heater Company its line of credit. Neither of these activities constituted, we think, any such " service actually rendered " as would warrant the payment to Smith of approximately $5,200 for the first year and approximately $6,400 for the second year; nor the payment to R. L. Hinckley of approximately $7,800 and $9,000, respectively, for the years in question. The same is true

of G. B. Hinckley, at least up to January 3, 1921, when Bastian left the company and Hinckley took over the duties of general manager. For this work the directors voted a salary of $300 per month; that amount was not unreasonably large.

The last table set out in the findings of fact, above, shows, in our opinion, a great disproportion between net income and compensation to these three men. See *McMillan Metal Co.*, 2 B. T. A. 797; *Universal Milking Machine Co.*, 4. B. T. A. 506. The bonus voted to themselves is apparently based upon their stockholdings, and has all the indications of being a dividend distribution thinly disguised. In *New York Theatre Program Corporation*, 4 B. T. A. 431, this same question was before the Board, and in construing section 234 of the 1921 Revenue Act, it was said:

* * * It is not the policy of the law to allow a corporate taxpayer to deduct amounts paid in the form of compensation when, in reality, such payments amount to a distribution of profits or are made in lieu of the payment of dividends. When, as in this case, profits are distributed to the owners of all of the stock in proportion to the number of shares held by each, and claimed as deductions in addition to the regular compensation fixed by the directors, the evidence offered that such payments were in fact reasonable compensation for personal services actually rendered must be convincing, especially where the sole stockholders constitute the board of directors.

This very accurately describes the situation in the present proceeding; and the respondent was right in disallowing the bonus for each of the taxable years as a deductible expense.

In our opinion, also, the salaries fixed by the directors for themselves as officers were inordinately large, when considered in relation to the very meager services performed and in relation to the net income of the company. All things considered, we think that deductions for salaries should be as follows:

For year ending March 31, 1921:

| | |
|---|---|
| To R. L. Hinckley | $2,500 |
| G. B. Hinckley | 3,000 |
| D. H. Smith | 2,000 |

For year ending March 31, 1922:

| | |
|---|---|
| To R. L. Hinckley | $2,500 |
| G. B. Hinckley | 3,600 |
| D. H. Smith | 2,000 |

See *H. L. Trimyer & Co.* v. *Noel*, 28 Fed. (2d) 781. The petitioner's income taxes for the years in question should be recomputed upon the basis indicated in this opinion.

*Judgment will be entered under Rule 50.*